UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY A. BOOCHER, <br><br> Plaintiff, <br><br> v. <br><br> MIAMI CORRECTIONAL FACILITY, WARDEN, and CORRECTIONAL OFFICERS, <br><br> Defendants. | CAUSE NO. 3:22-CV-1034-JD-MGG |

OPINION AND ORDER

Terry A. Boocher, a prisoner without a lawyer, filed a complaint alleging he was attacked by his cellmate at the Miami Correctional Facility on February 14, 2022. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Boocher alleges the Warden of the Miami Correctional Facility was negligent for not preventing his cellmate from getting illegal drugs and a weapon, for not requiring more random cell searches and drug tests, and for not ensuring there was a working emergency call button in his cell. "In order to state a claim under [42 U.S.C.] § 1983 a

plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). But, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). "[N]egligence, or even gross negligence does not equate to deliberate indifference" and does not state a claim for a violation of the Eighth Amendment. *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021). Boocher's allegations that the Warden was negligent and "failed to recognize the dangers" do not state a claim.

Boocher alleges an unknown Correctional Officer was negligent because she did not walk the cellblock every thirty minutes causing him to wait for medical treatment until he was able to get her attention. To prevail on a claim for a denial of medical treatment, Boocher must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

2

Deliberate indifference means the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). As before, negligence does not state a claim. *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021). The unknown Correctional Officer is alleged to have only been negligent – not deliberately indifferent. She called for medical assistance when she learned Boocher needed it. She did not ignore him. The complaint does not state a claim against her.

In the caption, the complaint identifies the Miami Correctional Facility as a defendant even though it is not named in the complaint. This is likely a scrivener's error, but if not, the Miami Correctional Facility is not suable under 42 U.S.C. § 1983 because it is not a person. *Owens v. Godinez*, 860 F.3d 434, 438 (7th Cir. 2017) (a state agency is not a person that can be sued under section 1983) *citing Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Boocher may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his

law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Terry A. Boocher until **April 4, 2023**, to file an amended complaint; and

(2) CAUTIONS Terry A. Boocher if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 1, 2023

/s/ JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT