UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY A. BOOCHER,<br><br>Plaintiff,<br><br>v.<br><br>MIAMI CORRECTIONAL FACILITY, WARDEN, and CORRECTIONAL OFFICERS,<br><br>Defendants. | CAUSE NO. 3:22-CV-1034-JD-MGG |

OPINION AND ORDER

Terry A. Boocher, a prisoner without a lawyer, filed a complaint alleging he was attacked by his cellmate at the Miami Correctional Facility on February 14, 2022. ECF 4. The court screened the complaint and found it did not state a claim, but granted him leave to file an amended complaint. ECF 7. In the amended complaint, Boocher repeats basically the same allegations. ECF 13.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Boocher alleges his cell mate unexpectedly cut his face. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). But, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). "[N]egligence, or even gross negligence does not equate to deliberate indifference" and does not state a claim for a violation of the Eighth Amendment. *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021). It is unfortunate that Boocher was attacked, but merely being housed with a cell mate who had been convicted of a violent crime is not enough to show that anyone had actual knowledge of an impending harm to him.

Boocher alleges it took an hour and a half before he was removed from his cell and given medical treatment because he did not have a call box in his cell, there were no guards in the cell house at the time of the attack, and other inmates would not help him call for assistance. To prevail on a claim for a denial of medical treatment, he must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that

2

medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). It is unfortunate that Boocher did not receive medical treatment more quickly, but until prison staff arrived on the scene, they did not know he needed assistance and so could not provide him with medical care.

 Boocher alleges in late June 2022 he was put in a housing unit with his former cell mate, but he does not allege they had any further conflicts. It is understandable why being housed together made him feel uncomfortable, but fear of an attack that does not occur does not state a claim for a violation of the Eighth Amendment. *See Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997). Moreover, even if he had been attacked, merely being housed with an inmate who had previously attacked him was insufficient to put prison officials on notice of a new, impending attack. *See Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008) ("Klebanowski testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist Klebanowski in his

attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by Klebanowski are insufficient to alert officers to a specific threat.").

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because the amended complaint does not state a claim for which relief can be granted.

SO ORDERED on May 25, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT